UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR R. HAUSMANN; ARTHUR R. HAUSMANN P.C. DEFINED BENEFIT PENSION PLAN; and ARTHUR R. HAUSMANN P.C. DEFINED BENEFIT PENSION PLAN TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>UNION BANK OF CALIFORNIA, N.A.; UNIONBANC OF CALIFORNIA INVESTMENT SERVICES LLC; THE HARTFORD LIFE AND ANNUITY INSURANCE COMPANY; CHRISTOPHER MONTAGNA; WILLIAM FORTNER; ECONOMIC CONCEPTS, INC. ("ECI"); and DOES 1-100,<br><br>Defendants. | Case No. SACV07-~~1426~~ 01436-AHS (MLGx)<br><br>[Assigned To The Honorable Alicemarie H. Stotler For All Purposes]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Date Action Filed: |

1
**STIPULATED PROTECTIVE ORDER**

# STIPULATED PROTECTIVE ORDER

The parties have filed a Joint Motion for Entry of Stipulated Protective Order (the "Joint Motion"). The purpose of this Stipulated Protective Order is to limit the disclosure and use of the confidential information of parties and non-parties that is protected by law and that is contained in documents, written discovery responses, and other discovery that the parties have sought or will be seeking in this action during the course of discovery.

Based on the showing made in the Joint Motion setting out the information to be covered by a protective order and the reasons that such information require protection from public disclosure, the Court finds that the Stipulated Protective Order is narrowly tailored to address specific confidential information requested in discovery, and that good cause has been shown for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), the California Constitution or other applicable law. Accordingly, the Court hereby ORDERS as follows:

The terms and conditions of this Protective Order shall govern Plaintiffs Arthur R. Hausmann; Arthur R. Hausmann P.C. Defined Benefit Pension Plan; and Arthur R. Hausmann P.C. Defined Benefit Pension Plan Trust and Defendants Union Bank of California, N.A.; Unionbanc of California Investment Services LLC; The Hartford Life and Annuity Insurance Company; Christopher Montagna; William Fortner; Economic Concepts, Inc. ("ECI"); and DOES 1-100, who are referred to collectively as the "Parties" or singularly as a "Party," as well as other persons described in this Stipulated Protective Order.

1. The Parties recognize that they are required, pursuant to Requests for Production of Documents, and other pretrial discovery (including depositions) to produce documents and other tangible things in their possession, custody, or control and to otherwise discuss and disclosure facts concerning this litigation (hereinafter the "Discovery Materials").

2. The parties anticipate that such discovery in this matter may entail the production of proprietary or sensitive information, including but not limited to "trade secret or other confidential research, development, or commercial information," private personnel data, and other non-public financial and proprietary data that may be entitled to protection under Federal Rule of Civil Procedure 26(c), the California Constitution, or other applicable law.

3. The Parties mutually recognize the need to protect the confidential nature of certain information including financial and proprietary business information.

4. These specifically enumerated materials may be designated as "Confidential" by the producing party regardless of whether they are produced pursuant to document request, court order, or in answer to interrogatories, or contained in deposition testimony.

5. All "Confidential" designations shall be made in good faith and made at the time of disclosure, production, or tender to the party receiving the same, or at such time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate information after such inadvertent failure, subject to the protections of this Protective Order. Designations of "Confidential" shall constitute a representation that such information has been reviewed by an attorney and that there is a valid and good-faith basis for such designation, that such information comes within the specifically enumerated categories recited in paragraph 3, and that disclosure of such information to persons other than those permitted access to such material hereunder would either cause competitive injury to the parties or invade the privacy interests of the Defendants' customers, clients, or personnel. The designation of confidential material may be made by affixing thereon a notice containing the word "Confidential." All copies of any such documents made by

the other party shall be clearly marked as "Confidential." In the case of multi-page documents, the word "Confidential" may be stamped on the first page of each document that is deemed to contain confidential material. A party may designate electronic data as Confidential by marking the copy of the electronic data produced (such as CD or DVD) as Confidential and by designating the specific portions of the electronic data or electronic files that are Confidential. If such means of designation are not readily available or feasible with respect to the electronic data, the parties shall agree on alternative means to ensure that the electronic data receives confidential treatment. A non-party seeking to designate its own documents or testimony as "Confidential" under this Protective Order shall follow the same procedures as set forth in this paragraph.

      6.    Confidential material shall be maintained in confidence, shall be used solely or purposes of this action, and shall be disclosed only as permitted and in the manner provided herein.

      7.    Discovery material furnished by a party in the form of testimony within the categories of material identified in paragraph 3 may also be designated as "Confidential" either at the time any such testimony is taken or in writing within twenty days after the transcript of the testimony has been received by the furnishing party. The court reporter for any such testimony shall be informed of this Order by the party making the "Confidential" designation and the court reporter shall comply and be bound by this Order.

      8.    Confidential Discovery Materials shall be maintained in confidence by the receiving party and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons in connection with this case:

      A.    The Parties;

4
**STIPULATED PROTECTIVE ORDER**

    B.    Attorneys of record retained by the Parties in connection with this case, and their respective paralegal, secretarial, or clerical staffs to whom disclosure is reasonably necessary;

    C.    In-house counsel for the Parties, and their respective paralegal, secretarial, and clerical staffs to whom disclosure is reasonably necessary;

    D.    Employees, officers, and directors of the Parties, and their respective secretarial and legal staffs to whom disclosure is reasonably necessary;

    E.    Mediators, arbitrators, court reporters, videographers, the Court and its personnel;

    F.    Witnesses and deponents in this litigation, to the extent reasonably necessary for such witnesses or deponents to prepare for testimony or participation in the litigation; and

    G.    Expert consultants and expert witnesses retained by a Party, as well as the secretarial and clerical staffs to such experts, provided that such experts agree not to disclosure or otherwise use such Confidential materials in any manner other than for the purpose of providing expert opinions or litigation support to the Parties in this case.

Persons in subparagraphs (F) and (G) above shall not, however, receive Confidential Discovery Materials unless such persons are: (1) informed of and given a copy of this Stipulated Protective Order, (2) informed that they must comply with this Stipulated Protective Order, and (3) agree to comply with this Stipulated Protective Order, as signified by their signature affixed to a copy of this Order immediately below the notation: "Agree to be bound by the terms of this Order."

    9.    None of the persons to whom Confidential material is made available shall make use of such material for any purpose other than the prosecution or

5
**STIPULATED PROTECTIVE ORDER**

defense of this action or disclose the contents of such material to any other person or entity, except as permitted by this Stipulated Protective Order.

10. The Parties may use Confidential Discovery Material as an exhibit or attachment to any motion, as a deposition exhibit, or as a trial exhibit in this action and may show Confidential Discovery Material to a witness in this action for these purposes. However, except as provided in Paragraph 18, Confidential Discovery Material may not be filed with the Court unless measures are taken to prevent its disclosure to persons other than those authorized under paragraph 9 of this Stipulated Protective Order. In particular, any Party seeking to file pretrial pleadings or exhibits containing Confidential Discovery Material shall follow the procedures of this Court with respect to under seal filings as set forth in the local rules. However, if the document containing the Confidential information was produced by the party offering it as an exhibit or attachment, that party may redact the Confidential information in lieu of filing it under seal if the redaction does not materially detract from the substance of the document.

11. The Parties may, by written stipulation, provided for exceptions to this Stipulated Protective Order, and any Party may seek an order of this Court modifying this Order at any time upon written notice to any non-party who has designated Confidential Discovery Materials under this Order and upon a showing of good cause.

12. Motions, briefs, memoranda, or other papers may paraphrase or summarize Confidential material without being filed under seal, so long as such paraphrasing is done in such a manner as to maintain the confidential nature of the material.

13. Counsel for the Parties shall serve a true and complete copy of this Protective Order on any non-party on whom a discovery subpoena is served or who has otherwise been shown or given access to material designated as Confidential.

6
**STIPULATED PROTECTIVE ORDER**

Non-parties are entitled to invoke the provisions of this Protective Order by designating Discovery Materials produced by then as "Confidential" pursuant to this Order and by agreeing to comply with all other applicable provisions of this Agreement.  If any Party believes that the anticipated testimony of a deponent will concern Discovery Material designated as Confidential, such that the Party believes that the deponent should be required to execute the Witness Attestation and be advised of the prohibition against disclosing any such Discovery Material to any person not identified in paragraph 9, such party shall bear the burden of advising such deponent of this Stipulated Protective Order and ensuring that such deponent execute the Witness Attestation.

14. Any Party may object to a designation of Discovery Material as Confidential at any time by giving written notice (including via e-mail) to counsel for the designation party.  Such written notice shall identify the Discovery Material to which the objection is directed and contain a short statement of the reasons for objection.  If the objecting Party and designating Party are unable to resolve their differences within seven (7) days after the designating Party's receipt of the notice (or such later time as the Parties may agree), the designating Party may file an appropriate application with the Court requesting that the designated Discovery Material be treated as Confidential.  The Party making the designation shall have the burden of proving that the Confidential Discovery Material should be treated as designated.  During the pendency of any motion to reclassify Discovery Materials that have been designated as Confidential, the Parties shall adhere to the previously designated classification.  However, if no such motion is filed within fourteen (14) days of the receipt of the notice of objection (or such later time as the parties may agree), the designated Discovery Material shall no longer be treated as Confidential.

15. For good cause shown, any party may seek to modify, supplement, or terminate the terms of this Stipulated Protective Order by first attempting to obtain the consent of the other Parties. The Parties agree that they will attempt to resolve the issue of any such modification, supplementation, or termination amongst themselves through good faith efforts before seeking judicial intervention. If the Parties are not able to reach agreement on any proposed modification, supplementation, or termination of the terms of this Order, the Party seeking the modification, supplementation, or termination may file an appropriate motion with the Court upon notice to the other Party.

16. Nothing in the foregoing provision of this Stipulated Protective Order shall be deemed to preclude the Parties from refusing to produce confidential documents on grounds other than the confidentiality of the information contained therein, including but not limited to refusals to produce documents and other discovery relating to any privilege.

17. Subject to the Federal Rules of Civil Procedure and evidentiary rules, Confidential Discovery Materials may be offered in evidence at trial or any evidentiary hearing. Any party may move the Court for an order that evidence previously designated as Confidential Discovery Material be received in camera or under other conditions to prevent unnecessary disclosure. The moving party shall have the burden of proving that the evidence should be so received. The Court will then determine whether such evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information at the trial.

18. The inadvertent production of Confidential Discovery Material which has not been marked Confidential shall not be a waiver of confidentiality, provided that the producing Party promptly notifies (including via e-mail) the receiving Party upon discovery of the inadvertent production and designates the material as Confidential. Upon request of the producing Party and receipt of replacement

8
**STIPULATED PROTECTIVE ORDER**

Discovery Material marked "Confidential," the receiving Party shall promptly return or destroy all copies of the inadvertently produced Confidential material.

19. Counsel for the Parties will make all reasonable efforts to safeguard all Discovery Material and shall promptly notify the designating Party of any unauthorized disclosure or access to Discovery Material.

20. Upon final termination of this action, including all appeals, the Parties shall assemble and return all Confidential Discovery Materials, together with all copies and derivative materials thereof, to the producing Party or non-party within thirty (30) days of termination of this Action, or shall destroy the material and certify by letter to the producing Party or non-party that the destruction was done.

21. This Stipulated Protective Order shall remain in full force and effect during and after the termination of this Action, whether by settlement, judgment or other disposition or conclusions and all appeals therefrom, until modified by an Order of this Court.

22. Nothing in this Stipulated Protective Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court.

23. Nothing in this Stipulated Protective Order shall affect the right of any party to seek protections for additional categories of documents.

24. Nothing in this Stipulated Protective Order shall be deemed to restrict in any manner the use by any party of its own documents or materials.

IT IS SO ORDERED

Dated: September 18, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge

9
**STIPULATED PROTECTIVE ORDER**

**Approved as to Form and Content**:

CRANDALL, WADE, & LOWE
A Professional Corporation

By:_____
        James L. Crandall
        Janet G. Harris
ATTORNEYS FOR PLAINTIFFS ARTHUR R. HAUSMANN; ARTHUR R. HAUSMANN P.C. DEFINED BENEFIT PENSION PLAN; AND ARTHUR R. HAUSMANN P.C. DEFINED BENEFIT PENSION PLAN TRUST


AKIN, GUMP, STRAUSS, HAUER & FELD, LLP

By: _____
        David A. Jones
        Jessica Spangler Taylor
        Ashley E. Street
ATTORNEYS FOR DEFENDANTS HARTFORD LIFE AND ANNUITY INSURANCE COMPANY AND WILLIAM FORTNER


NIXON PEABODY LLP

By: _____
        Paul J. Hall
        Laura L. Chapman
ATTORNEYS FOR DEFENDANTS UNION BANK OF CALIFORNIA, N.A., UNIONBANC INVESTMENT SERVICES, LLC AND CHRISTOPHER MONTAGNA


LEWIS BRISBOIS BISGARD & SMITH, LLP

By: _____
        Ruben Tarango
ATTORNEY FOR DEFENDANT ECONOMIC CONCEPTS, INC.