```
 1                                                              JS6
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   CENTRAL DISTRICT OF CALIFORNIA
10                         SOUTHERN DIVISION
11
12  ARTHUR R. HAUSMANN, et al.,    )  SA CV 07-1436 AHS (MLGx)
                                   )
13              Plaintiffs,        )
                                   )  ORDER (1) REMANDING ACTION TO
14         v.                      )  STATE COURT (2) DENYING
                                   )  HARTFORD/FORTNER'S AND ECI'S
15  UNION BANK OF CALIFORNIA, N.A.,)  MOTIONS FOR SUMMARY JUDGMENT
    et al.,                        )  WITHOUT PREJUDICE AND (3)
16                                 )  VACATING ALL HEARING DATES
                                   )
17              Defendants.        )
    _____ )
18
```

## I.

### PROCEDURAL BACKGROUND

Plaintiffs Arthur R. Hausmann, Arthur R. Hausmann P.C. Benefit Pension Plan, and Arthur R. Hausmann P.C. Defined Benefit Pension Plan Trust (collectively, "plaintiffs") filed their complaint in Orange County Superior Court on July 23, 2007. The First Amended Complaint ("FAC"), filed October 25, 2007, asserts claims for: (1) negligence; (2) breach of fiduciary duty; (3) fraud; (4) negligent misrepresentation; and (5) unfair competition under Business and Professions Code § 17200.

On December 12, 2007, defendants Union Bank of California, N.A., UnionBanc of California Investment Services LLC, Hartford Life and Annuity Insurance Company ("Hartford"), Christopher Montagna ("Montagna"), William Fortner ("Fortner"), and Economic Concepts, Inc. ("ECI") removed the case to district court under 28 U.S.C. § 1331 because the matter involved a federal question, namely, that plaintiffs' state law claims were completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a). The FAC states that defendant Union Bank of California N.A.'s principal place of business is in San Francisco, California, and that defendants Christopher Montagna and William Fortner are California residents. (FAC ¶¶ 5, 7, 8.)

On March 23, 2009, defendants Hartford and Fortner ("Hartford/Fortner") filed a Motion for Summary Judgment. Also on March 23, 2009, ECI filed a Motion for Summary Judgment. On the same day, defendants Union Bank of California, N.A., UnionBanc of California Investment Services LLC, and Christopher Montagna ("Union Bank/Montagna") filed a Motion for Summary Judgment. On April 20, 2009, plaintiffs filed opposition to the Hartford/Fortner and ECI motions for summary judgment. The plaintiffs and Union Bank/Montagna parties have reported reaching a tentative settlement.

On May 4, 2009, the Court heard Hartford/Fortner's and ECI's motions for summary judgment and thereafter took the matters under advisement. After considering the parties' filings and the arguments of counsel at the hearing, the Court concludes that it lacks jurisdiction and must, therefore, order the case

remanded to state court.

## II.

## SUMMARY OF COMPLAINT

In early 2003, plaintiffs met with Montagna, who was a Senior Financial Advisor at defendant Union Bank of California Investment Services at the time. Plaintiffs wanted to obtain retirement planning and life insurance. After talking with plaintiffs, Montagna contacted Fortner about plaintiffs' interest in life insurance and retirement planning around May 2003. Fortner is an account executive for Hartford.

Plaintiffs fit Hartford's profile for the ideal candidate for a 412(i) plan, a retirement plan created pursuant to Internal Revenue Code section 412(i). Fortner contacted ECI, a company that designs and plans 412(i) policies, and requested a proposed plan for Hausmann. Plaintiffs were enticed to purchase this plan because they believed that the entire amount they contributed to the plan would be tax deductible. Plaintiffs allege that at all relevant times, Montagna and Fortner represented that the Internal Revenue Service ("IRS") had pre-approved this type of retirement plan. In August of 2003, plaintiffs entered into contracts and purchased the plan.

In early 2004, the IRS issued two revenue rulings that the type of 412(i) plan plaintiffs had purchased needed to be listed on tax returns as a "listed transaction." Plaintiffs did not do so. In August 2006, the IRS notified plaintiffs that they would be audited. The IRS has not made a final decision in the matter, but plaintiffs could be subjected to hundreds of thousands of dollars in fines.

Plaintiffs allege that all of the defendants knew prior to the activation of plaintiffs' plan that the validity of these types of plans was "very much in question." Plaintiffs allege that defendants induced them to sign the plan nonetheless because they had already invested money in those types of plans and would also receive a large commission, which was not disclosed. Plaintiffs further allege that after the IRS issued its revenue rulings defendants failed to notify them of the rulings and a "safe harbor" the IRS offered because defendants wanted to continue to profit from the plan.

**III.**

**SUMMARY OF PARTIES' CONTENTIONS AS TO ERISA PREEMPTION**

**A.      Defendants Hartford/Fortner's and ECI's Motion[1]**

       **1.   Defendants are entitled to judgment on plaintiffs' claims for post-plan negligence and deceit because they are preempted by ERISA**

The Arthur Hausmann, P.C. Defined Benefit Plan is an ERISA plan. See 29 U.S.C. § 1002(2)(A) (defining "employee benefit plan" as a plan established or maintained by an employer for employees for the purpose of providing pension benefits); FAC ¶ 34 (each contribution under the 412(i) plan included a contribution to an annuity to benefit an employee). ERISA expressly preempts state law claims that "relate to" an ERISA plan. 29 U.S.C. § 1144(a). Complete preemption exists where:

---

[1] Although the parties filed separate motions, they were substantively identical, and will be summarized, in relevant part, together. The plaintiffs' oppositions are similarly summarized.

4

(1) the state law claim relates to ERISA under the express preemption provision of § 1144(a); and (2) state claims fall within the scope of ERISA § 502(a) (29 U.S.C. § 1132(a)). Plaintiffs allege Hartford/Fortner and ECI (collectively "defendants") were negligent for: (1) failing to disclose the amount of commission paid to Montagna; (2) for failing to disclose the IRS warnings regarding 412(i) plans; and (3) failing to disclose potential early settlement offers made by the IRS. (FAC ¶ 51.) Plaintiffs' allegations regarding defendants' alleged conduct after the Hausmann 412(i) plan was created are preempted by ERISA.

    a. <u>Plaintiffs' claims regarding defendants' alleged failure to disclose commissions are preempted by ERISA</u>

  ERISA establishes clear rules concerning who must disclose commissions in connection with ERISA plans. Because these rules do not apply to defendants, and because ERISA completely preempts state-law claims on the issue, the claim that defendants were negligent in failing to disclose the commissions fails.

  Under ERISA, only fiduciaries who provide investment advice and require commissions must disclose them. <u>See</u> 29 U.S.C. § 1108(g) (outlining requirement procedures for provision of investment advise to plan participants and beneficiaries). Defendants are not ERISA fiduciaries, did not provide investment advice within the meaning of that term under ERISA, and did not receive commissions. <u>See</u> <u>Omni Home Fin. v. Hartford Life & Annuity Ins. Co.</u>, No. 06-cv-0921 IEG, 2008 WL 1925248, at *8

5

(S.D. Cal. Apr. 29, 2008). Because ERISA provides rules governing the disclosure of commissions received from the sale of products to an ERISA plan, state law claims based on failure to disclose commissions are preempted. 29 U.S.C. § 1144(a) (state laws that "relate to" ERISA plans are preempted); see also Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1222 (9th Cir. 2000) (holding that ERISA preempts claim of excessive compensation). ERISA only requires persons or entities who are fiduciaries providing investment advice regarding the purchase or security or other property to disclose all compensation they receive for sale of that product.

        b.    <u>Plaintiffs' negligence and deceit claims based on failure to disclose changes in the tax laws and IRS settlement offers are preempted by ERISA</u>

Plaintiffs' claims based on defendants' alleged failure to advise plaintiffs of changes in the tax law or settlement initiatives offered by the IRS are also preempted by ERISA. In a nearly identical case, the Southern District of California concluded that claims of negligent misrepresentation and fraud based on the misleading concealment of the tax consequences of an ERISA plan after the plan was created were preempted. <u>Chasan v. The Garret Group</u>, No. 06-cv-1090 WQH, 2007 WL 173927, at *7 (S.D. Cal. Jan. 18, 2007). In <u>Chasan</u>, the physician-plaintiff implemented an ERISA welfare benefit plan funded by a life insurance policy based on representations by the plan designer about tax deductions and tax benefits. <u>Id.</u> at *1. After the plan was created, plaintiff alleged that the defendants,

6

including the insurer, reassured plaintiff that the plan and policy were legal despite having knowledge that the IRS was scrutinizing similar plans.  Id. at *3.  The district court found that plaintiff's claims were preempted because they involved an ERISA regulated relationship.  Id. at *8.  Similarly, the claims concerning Hartford and Fortner's alleged failure to disclose commissions are likewise preempted.

**B.        Plaintiffs' Opposition**

        **1.   Plaintiffs' post-plan state law claims are not preempted**

Plaintiffs assert that they were misled by defendants as to the tax deductibility of contributions both before and after its inception.  Although defendants contend that post-formation misrepresentations are pre-empted by ERISA, this is not the case.

This matter was conclusively decided in Farr v. United States West, Inc., 58 F.3d 1361 (9th Cir. 1995) overruled by Varity Corp. v. Howe, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996) ("Farr I").  Farr I held that the state law fraud claim could proceed because it was based on misleading tax advice provided by defendants and was independent of the plan.  Id. at 1366-67.  This is the same situation.  Defendants did not misrepresent the contents of the 412(i) plan or the plan itself to plaintiffs.  Rather they misrepresented the deductibility of contributions to the plan.  Thus, the misrepresentations are unrelated to the plan and are not preempted by ERISA.

A subsequent decision in Farr held that the plaintiffs' claims were preempted but those claims were decided on different

facts. In the subsequent case, the defendants misrepresented the deductibility of ERISA-qualified plan benefits. This case is distinguishable because defendants misrepresented the deductibility of contributions to the plan, not the plan.

**C.      Defendants' Reply**

        **1.      Claims concerning post-plan events are preempted by ERISA**

The only case plaintiffs cite was overruled. Three years after its holding in <u>Farr I</u>, the Court of Appeals for the Ninth Circuit explicitly reversed its preemption holding in light of an intervening Supreme Court decision and held that post-plan misrepresentations regarding the tax consequences of an ERISA plan "relate to" the plan and, thus, are preempted. <u>Farr v. U.S. W. Commc'ns, Inc.</u>, 151 F.3d 908, 913 (9th Cir. 1998) ("<u>Farr II</u>").

Plaintiffs argue that there is a distinction between claims based on alleged misrepresentations related to the deductibility of plan benefits and those related to the deductibility of plan contributions. That argument is unpersuasive because in a nearly identical case the Southern District of California held that misrepresentation claims based on the tax advantages of contributions are preempted. <u>Chasan</u>, 2007 WL 173927 at *7-8. Additionally, plaintiffs do not oppose defendants' argument that defendants are not subject to ERISA rules on disclosure of commissions.

## IV.

## DISCUSSION

**A.      Legal Standard**

Federal courts are courts of limited jurisdiction only

authorized to adjudicate those cases which the Constitution and laws of Congress permit.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Where a complaint does not allege a federal cause of action, a defendant can establish subject matter jurisdiction supporting removal "if, but only if, ERISA completely preempts the state law claims." Rutledge, 201 F.3d at 1215 (internal citations omitted).  "ERISA completely preempts a claim under state law, permitting the defendant to remove . . . if two circumstances exist:  (1) ERISA preempts the plaintiff's cause of action and (2) the cause of action falls within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)." Id. at 1216 (internal citations omitted).  If ERISA does not completely preempt the state law claims, the Court lacks jurisdiction and must remand the matter to state court.

**B.     ERISA Preemption**

**1.    Express Preemption**

"ERISA's preemption provision, 29 U.S.C. § 1144(a), expressly preempts any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Paulsen v. CNF, Inc., 559 F.3d 1061, 1081 (9th Cir. 2009).  "[A] law relates to an employee benefit plan if it has either a 'connection with' or 'reference to' such a plan." Id. at 1082.  State law negligence claims are not preempted by the "reference to" prong of the preemption test. Id.

To determine whether a state law has a "connection with" ERISA, the Court should consider the objectives of ERISA as well as the nature of the effect of the state law on ERISA plans.

1  Id.  The Ninth Circuit uses a "relationship test" to analyze the
2  "connection with" prong, "under which a state law claim is
3  preempted when the claim bears on an ERISA-regulated
4  relationship, *e.g.* the relationship between plan and plan member,
5  between plan and employer, between employer and employee."  Id.
6  In Paulsen, the Ninth Circuit held that under the relationship
7  test, the employees' state law claims were not preempted because
8  they ran to a non-fiduciary service provider.  Id. at 1083.
9  Paulsen noted that "ERISA doesn't purport to regulate those
10 relationships where a plan operates just like any other
11 commercial entity. . . ."  Id. (internal citations omitted).
12 Additionally, "preemption does not occur if the state law has
13 only a tenuous, remote, or peripheral connection with covered
14 plans, as is the case with many laws of general applicability."
15 Dishman v. Unum Life Ins. Co. of Am., 269 F.3d 974, 984 (9th Cir.
16 2001) (internal quotations omitted) (citing N.Y. Conference of
17 Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S.
18 645, 661, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995)).
19         While other circuits do not apply the "relationship
20 test" *per se*, they have found that state law claims similar to
21 those at issue in Paulsen are not preempted.  See, e.g., E.I.
22 Dupont De Nemours & Co. v. Sawyer, 517 F.3d 785, 800 (5th Cir.
23 2008); Marks v. Newcourt Credit Group, 342 F.3d 444, 453 (6th
24 Cir. 2003).  In Dupont, the Fifth Circuit held that the
25 plaintiffs' fraud and fraudulent inducement claims were not
26 preempted because to prevail, "the employees need not prove that
27 any aspect of Dupont's administration of the employees' ERISA
28 plan was improper.  The claims only relate to misrepresentations

that Dupont is alleged to have made about its intentions to sell [a subsidiary]." Dupont, 517 F.3d at 800. The Dupont court added that "the employees' allegation that Dupont fraudulently induced them to transfer to [the subsidiary] does not affect an area of their relationship that is comprehensively regulated by ERISA." Id. Similarly, the Sixth Circuit in Marks found that the plaintiffs' fraud and misrepresentation and breach of contract claims were not preempted to the extent that they had a tenuous effect on the plan. 342 F.3d at 453. Marks explained that plaintiff alleged that "without cause, [defendant] significantly altered his duties and reduced his compensation" and that the claim could proceed because it could constitute a breach of contract irrespective of the plan. Id.; see also Samaritan Health Ctr. v. Simplicity Health Care Plan, 459 F. Supp. 2d 786, 797-98 (E.D. Wis. 2006) (holding that breach of contract claim is not preempted because the claim did not rely on an interpretation of the medical plan documents).

      Here, plaintiffs' claims regarding defendants' alleged post-plan misfeasance are not preempted. As in Paulsen, plaintiffs' state law claims run to non-fiduciary service providers and do not relate to the plan, its administration, or its benefits. (See Defs. Mot.) The plan is a life insurance plan that the parties admitted at hearing is still in operation and will provide benefits to beneficiaries in the event of Hausmann's death. While plaintiffs obtained the plan in part because the contributions could be tax deductible, those deductions are not a "benefit" of the plan itself. Additionally, the IRS treatment of the tax deductions is unrelated to the

11

administration of the plan because it was something that plaintiffs reported on their own tax filings. Accordingly, as in Marks, the state law claims have only a tenuous connection to the plan, do not affect an ERISA relationship, and do not require interpretation of the plan to adjudicate the matter.

Defendants' reliance on Rutledge to argue that failure to disclose the commissions is preempted is unpersuasive. In Rutledge, there was preemption because the compensation at issue affected an ERISA relationship, and the court distinguished similar claims against service providers held to be non-preempted. 201 F.3d at 1222. The Rutledge plaintiffs sued a non-ERISA fiduciary attorney for charging excessive fees. Id.[2] The court found that the allegation of excessive fees implicated the "prohibited transaction" provision under ERISA, 29 U.S.C. § 1106, triggering preemption. Id. In doing so, the Rutledge court distinguished Arizona State Carpenters, which involved non-ERISA fiduciaries where the claims were not preempted because they did not involve "excessive fees" claims, but, rather claims related to the failure to notify the trustees of defaults on interest and principal payments on investments. Id. (citing

---

[2] "ERISA entities are the employer, the beneficiaries under the plan, and the plan fiduciaries." Benitez v. N. Coast Women's Care Med. Group, 106 Cal. App. 4th 978, 990 (2003) (citing Morstein v. Nat'l Ins. Servs., Inc., 93 F.3d 715, 722 (11th Cir. 1996)). Additionally, where a plaintiff alleges claims against defendants "in their capacity other than as an ERISA fiduciary or other ERISA entity, her claims against them are not preempted by ERISA." Id. at 991. As such, plaintiffs' claims against Hartford and ECI are not preempted by ERISA because those parties are not ERISA entities and are not being sued in their capacity as ERISA fiduciaries.

Ariz. State Carpenters Pension Trust Fund v. Citibank, 125 F.3d 715, 724 (9th Cir. 1997)). In Arizona State Carpenters, the court explained that as a non-fiduciary service provider, the defendant's relationship with the plaintiff was "no different than that between Citibank and any of its customers." 125 F.3d at 724. Here, defendants are non-fiduciary service providers and plaintiffs' claim is not for excessive fees but for failure to disclose a commission.[3] (FAC ¶ 51.) Arguably, this falls between the commercial relationships in Arizona Carpenters and Rutledge, but defendants provide no explanation of how the failure to disclose commissions is a prohibited transaction under 29 U.S.C. § 1106, nor is it listed in the text of the statute as a prohibited transaction. Given that defendants do not demonstrate ERISA's applicability on this point, and that there are no ERISA claims in the complaint, the failure-to-disclose-commission allegation is insufficient to constitute the complete preemption required to confer jurisdiction.

In Chasan, the court found preemption because the case included ERISA causes of action, which is in part why the court so held. 2007 WL 173927 at *7-8. To the contrary, in Berry II, another case on which defendants rely and that is factually similar, the court found that there was no ERISA preemption because the claims related to the tax consequences of the insurance policies used to fund the plans and not the merits of

---

[3] For the same reasons, Farr II is inapplicable because it found a breach of fiduciary duty when a plan fiduciary provided information regarding tax consequences but left out known facts regarding possible adverse tax consequences. Defendants, however, are not ERISA fiduciaries.

13

the plans themselves. Berry v. Indianapolis Life Ins. Co., 08-cv-248, 2009 WL 636531, at *5 (N.D. Tex. Mar. 11, 2009). The Berry II court also found no preemption because defendants did not demonstrate that analysis of the claims would involve an evaluation of the plan itself. Id.

In sum, plaintiffs' state law claims are not expressly preempted by ERISA because they are tenuous to the plan and do not effect an ERISA relationship.

**2. Conflict Preemption**

ERISA contains, in section 502(a), a comprehensive scheme of civil remedies. Paulsen, 559 F.3d at 1084. Paulsen held that employees' state law damages claim for professional negligence in valuing the benefit liabilities of the prospective plan was not conflict preempted. Id. Here, plaintiffs request special and compensatory damages related to their state law claims. (FAC ¶ 76.) As Paulsen explained, these damages are unrelated to the plan and are not conflict-preempted.

Overall, plaintiffs' post-plan state law claims are not preempted by ERISA. The notice of removal is based solely on federal question jurisdiction, and the FAC discloses there is no diversity jurisdiction because plaintiffs and some of the defendants are California citizens. Consequently, this Court lacks jurisdiction over the case and must remand it to state court.

**V.**

**CONCLUSION**

For the foregoing reasons, the Court concludes that it lacks jurisdiction and this case is ordered remanded to state

```
 1  court.  Accordingly, the Court denies Hartford/Fortner's Motion
 2  for Summary Judgment and ECI's Motion for Summary Judgment
 3  without prejudice.  All pending motion and case management dates
 4  in this matter are vacated.
 5           IT IS SO ORDERED.
 6           IT IS FURTHER ORDERED that the clerk shall serve a copy
 7  of this Order on counsel for all parties in this action.  The
 8  Clerk shall provide to the Orange County Superior Court Clerk a
 9  copy of this Order of Remand for filing in Case no. 07 CC 08186.
10  DATED:  May 8, 2009
11                             ALICEMARIE H. STOTLER
                               _____
12                                 ALICEMARIE H. STOTLER
                                UNITED STATES DISTRICT JUDGE
```